John A. Leonard
RUSSELL, LEONARD, KEY & KEY
900 Eighth St., Suite 320
P. O. Box 8385
Wichita Falls, Texas 76307
Telephone: (940) 322-5217
Facsimile: (940) 322-3381
E-mail: lenbiz@rlklaw.net
Counsel for Plaintiff

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | |
|---|---|
| IN RE:<br><br>KRISTY LEE TOWERY,<br><br>Debtor | CASE NO. 04-70483-hdh-13<br><br>CHAPTER 13 |

| | |
|---|---|
| KRISTY LEE TOWERY<br><br>Plaintiff<br><br>VS.<br><br>SELECT PORTFOLIO SERVICING INC.,<br>FAIRBANKS CAPITAL CORP.,<br>FAIRBANKS CAPITAL HOLDING CORP<br>BARRETT BURKE WILSON CASTLE<br>DAFFIN & FROPPIER, LLP<br><br>Defendants | ADV. PRO. NO. 05-07000<br><br>HEARING DATE: AUGUST 17, 2005<br><br>HEARING TIME: 11:00 A.M. |

## MOTION TO COMPEL AND FOR SANCTIONS

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff presents her Motion to Compel and for Sanctions ("Motion") and in support thereof respectfully shows the Court the following:

1. This case is presently set for docket call on September 21, 2005.

2. The deadline for discovery was August 20, 2005.

3. Plaintiff sent her discovery to all Defendants in time to receive and review their responses. The responses' original due date was July 5, 2005. Defendant, Barrett Burke Wilson Castle Daffine & Froppier L.L.P. ("Barrett Burke") has requested two extensions of time to respond. Plaintiff agreed to give Barrett Burke additional time. Its responses were not due until July 28, 2005.

4. Select Portfolio Service Inc., Fairbanks Capital Corporation, and Fairbanks Capital Holding Corporation ("Fairbanks") were served with Plaintiff's discovery requests on June 1, 2005. Fairbanks' responses were received on July 5, 2005. Fairbanks refused to answer any of the discovery requests because Plaintiff's counsel had used an electronic signature instead of an actual signature on the discovery documents. Fairbanks also lodged numerous meritless objections. Plaintiff has responded to all of the objections and requested Fairbanks to amend its responses. Fairbanks has refused to amend its responses.

5. Barrett Burke was served with Plaintiff's discovery requests on June 1, 2005. Its responses were received on August 2, 2005. It refused to answer any of the discovery requests because Plaintiff's counsel had used an electronic signature instead of an actual signature on the discovery documents. It did not inform Plaintiff's counsel during either of the times its attorney requested an extension that it would not respond because of a lack of signature. The attorney's

stated he needed more time to assemble the documents. Barrett Burke also lodged numerous other meritless objections. Plaintiff has responded to all of the objections and requested Barrett Burke to amend its responses.

6. Defendants' actions are done to delay the trial of this case and to increase the cost and expense of trial. Their actions are direct contrast to the spirit, scope and purpose of discover.

Rozier v. Ford Motor Co., 573 F.2d 1332, 1345-1346 (5th Cir. 1978).

> (Our system of civil litigation cannot function if parties, in violation of court orders, suppress information called for upon discovery. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession". Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947). The Federal Rules of Civil Procedure substitute the discovery process for the earlier and inadequate reliance on pleadings for notice-giving, issue-formulation, and fact-revelation. As the Supreme Court stated in Hickman v. Taylor, supra, "civil trials in the federal courts no longer *1346 need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial". 329 U.S. at 501, 67 S.Ct. at 389. The aim of these liberal discovery rules is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent". United States v. Proctor & Gamble Co., 356 U.S. 677, 683, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958). It is axiomatic that "(d)iscovery by interrogatory requires candor in responding". Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 616 (5th Cir. 1977).

Ferko v. National Ass'n for Stock Car Auto Racing, Inc., 218 F.R.D. 125, 132 (D.C.E.D.Tex. 2003).

> (Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, *not privileged,* that is *relevant* to the claim or defense of any party...." Fed R. Civ. P. 26(b)(1) (emphasis added). The definition of "relevant information" in Rule 26(b)(1) is broad. "Relevant information need not be admissible at the trial if the discovery appears *reasonably calculated to lead to the discovery of admissible evidence.*" *Id.* (emphasis added). Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

7. Accompanying this Motion as Exhibits "1" and "2", are copies of letters sent to Defendants' attorneys in an effort to resolve this matter. Defendants' attorneys never replied nor did they return Plaintiff's attorney's phone calls.

**PRAYER FOR RELIEF**

Plaintiff prays that the Court grant the Motion and order Defendants to properly respond to the discovery requests within twenty (20) days after the hearing date; that Defendants be sanctioned for their conduct; and she requests general relief.

                Respectfully submitted,

                The Anderson Law Firm
                Hank Anderson
                Texas Bar No. 01220500
                Valeri Stiers Malone
                Texas Bar No. 24014508
                4600 Belair
                Wichita Falls, Texas 76310
                Tel. (940) 691-7600
                Fax. (940) 691-1790

                John A. Leonard
                RUSSELL, LEONARD, KEY & KEY, PLLC.
                900 Eighth Street – Suite 320
                Wichita Falls, Texas 76301
                Telephone:   (940) 322-5217
                Telecopier:   (940) 322-3381
                E-mail:       lenbiz@rlklaw.net

By:   /s/ John A. Leonard
      John A. Leonard
      State Bar No. 12209600
      Attorneys for Plaintiff

## CERTIFICATE OF CONFERENCE

I certify that I attempted to speak with did contact opposing counsel on August 2, 2005. My phone calls were not returned.

/s/ John A. Leonard
John A. Leonard

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on each party in this matter, by and through their attorney of record, where appropriate, on August 4, 2005 by ECF.

/s/ John A. Leonard
John A. Leonard

**EXHIBIT 1**

LAW OFFICES OF

# RUSSELL, LEONARD, KEY & KEY
*P.L.L.C.*

Charles B. Russell*
John A. Leonard**
John M. Key
Tom Key

The Hamilton Building
900 Eighth Street, Suite 320
P.O. Drawer 8385
Wichita Falls, Texas 76307-8385

Telephone: 940.322.5217
Facsimile: 940.322.3381

*Board Certified Civil Trial Law
**Board Certified Business and Consumer Bankruptcy Law

July 18, 2005

HUGHES, WATTERS, & ASKANASE, LLP
Attn: Henry A. Jacob
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002

Re: Kristy Lee Towery; Adversary No. 05-7000
Discovery Responses
Our file No.04/107.70.1

Dear Mr. Jacobs:

This letter contains my response to your clients' responses to Ms. Towery's discovery requests. Please find hard copies of the signature pages with original signatures for the discovery previously sent to you. The use of electronic signatures is widely used in bankruptcy cases. When you received the discovery requests you immediately knew that an electronic signature form was used. At best its use is a technical violation of Bankruptcy Rule 7026. You should have immediately informed me of your objection since curing it was a simple matter. However, your objection is cured based upon that alleged defect.

Your objections based upon you claims of privilege are not proper. You are required to specify the documents or communications that you claim are privileged and produce the remaining documents and/or answer the remainder of the interrogatory. **Rule 26(b) Discovery Scope and Limits. (5) Claims of Privilege or Protection of Trial Preparation Materials.** "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." **Rule 34(b) Procedure.** "If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." Eureka Financial Corp. v. Hartford Acc. and Indemnity Co., E.D.Cal.1991, 136 F.R.D. 179. (Sanctions were warranted where insurer made

DISCOVERY/RESPONSES/CURE    Page 1 of 3

**EXHIBIT 2**

LAW OFFICES OF

# RUSSELL, LEONARD, KEY & KEY
### P.L.L.C.

Charles B. Russell*
John A. Leonard**
John M. Key
Tom Key

The Hamilton Building
900 Eighth Street, Suite 320
P.O. Drawer 8385
Wichita Falls, Texas 76307-8385

Telephone: 940.322.5217
Facsimile: 940.322.3381

*Board Certified Civil Trial Law
**Board Certified Business and Consumer Bankruptcy Law

August 3, 2005

Barrett Burke Wilson Castle Daffin & Froppier, LLP
Attn: Richard D. Brady
1900 St. James Place, Suite 500
Houston, Texas 77056

**FAX 713 621 8583**

Re: Kristy Lee Towery; Adversary No. 05-7000
Discovery Responses
Our file No. 04/107.70.1

Dear Mr. Brady:

This letter contains my response to your clients' responses to Ms. Towery's discovery requests. Please find hard copies of the signature pages with original signatures for the discovery previously sent to you. The use of electronic signatures is widely used in bankruptcy cases. You requested two (2) extensions for preparing and delivering your responses. You stated you needed additional time to compile the documents and information necessary to respond. You did not state that you would not respond because the electronic signature was used. When you received the discovery requests you immediately knew that an electronic signature form was used. At best its use is a technical violation of Bankruptcy Rule 7026. You should have immediately informed me of your objection since curing it was a simple matter. However, your objection is cured based upon that alleged defect.

Your objections based upon you claims of privilege are not proper. You are required to specify the documents or communications that you claim are privileged and produce the remaining documents and/or answer the remainder of the interrogatory. **Rule 26(b) Discovery Scope and Limits. (5) Claims of Privilege or Protection of Trial Preparation Materials.** "When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." **Rule 34(b) Procedure.** "If objection is made to part of an item or category, the part shall be specified

DISCOVERY/RESPONSES/CURE          Page 1 of 3

and inspection permitted of the remaining parts." Eureka Financial Corp. v. Hartford Acc. and Indemnity Co., E.D.Cal.1991, 136 F.R.D. 179. (Sanctions were warranted where insurer made unwarranted blanket claim of privilege for documents sought in discovery despite well-settled requirement that, for valid assertion of privilege, claims had to be document specific.) **Rule 33(b) Answers and Objections. (4)** "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994, N.D.Ill.1997, 172 F.R.D. 295. (Failure of foreign aircraft manufacturers to specifically identify documents requested through discovery to which their claim of privilege applied was fatal to claim of privilege in action arising out of airplane crash.); Burns v. Imagine Films Entertainment, Inc., W.D.N.Y.1996, 164 F.R.D. 589. (Objecting parties' claim that information requested and material sought in interrogatories were privileged, without stating or demonstrating underlying facts or circumstances of privilege or protection, failed to fulfill their responsibility of supplying relevant information underlying claim of privilege, and warranted denial of privilege.)

Your objections that certain information and/or documents are proprietary in nature can be cured with the execution of a reasonable confidentiality agreement. Plaintiff is willing to execute a reasonable confidentiality agreement.

Plaintiff's loan originated in 1998, consequently, the request for documents and information from January 1, 1998 to the present is relevant to this adversary.

Concerning Interrogatory number 2, your objection is without merit. The interrogatory asks only the information your client possesses. It does not ask your client to speculate on the knowledge the person identified actually knows. Further, under the federal rules interrogatories requesting the disclosure of a party's contentions and speculations are allowed. The interrogatory does not limit testimony at trial.

Concerning Interrogatory number 3, you were required to disclose your experts by >, 2005. Plaintiff will object to any attempt by you to use expert witnesses.

Concerning Interrogatory number 4, your objection is without merit. It is not vague.

Concerning Interrogatory number 5 and all of your interrogatory answers, your responses are evasive and vague. Consequently they do not amount to answers. Your claim of a continuing investigation is not satisfactory. Alliance to End Repression v. Rochford, 75 F.R.D. 438 (D.C. N.D.Ill.1976). (Where defendant's sworn answers to interrogatories referred only to unavailability of information because certain documents were not available but made no mention of defendant's personal knowledge of information sought, interrogatory answers were both "incomplete" and "evasive" within meaning of this rule providing that an "evasive" or "incomplete" answer is to be treated as a failure to answer.) Bollard v. Volkswagen of America, Inc., 56 F.R.D. 569. (D.C.W.D.Mo.1971). (An evasive statement to avoid answer to interrogatory is no answer.) Miller v. Doctor's General Hospital, 76 F.R.D. 136 (D.C.W.D.Okla.1977). (If appropriate interrogatory is propounded, answering party is required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf, or other agents or representatives, whether personally known to the

In Compliance with Rule 34 of the Federal Rules of Procedure, made applicable by Bankruptcy Rule 7034, Kristy Lee Towery, Plaintiff herein, requests that the documents defined hereinafter and enumerated on the attached Exhibit "A" be produced by Barrett, Burke, Wilson, Castle, Daffin & Frappier, L.L.P., Defendant herein, for copying and inspection on or before the 31st day following Defendant's receipt of this request in the law offices of Russell, Leonard, Key & Key PLLC, 900 8th Street, Suite 327, Wichita Falls, Texas 76301.

Respectfully submitted,

John A. Leonard, Esquire
**RUSSELL, LEONARD, KEY, & KEY PLLC**
P.O. Box 8385
900 8th Street, Suite 327
Wichita Falls, Texas 76307-8385
Telephone: 940/322-5217
Facsimile: 940/322-3381

*/s/ John A. Leonard*
John A. Leonard, Esq.
State Bar No. 12209600
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Request for Production of Documents was sent by First Class Mail on this 1st day of June 2005, on the following:

Richard D. Brady
BARRETT BURKE WILSON
CASTLE DAFFIN & FRAPPIER, L.L.P.
1900 St. James Place, Suite 500
Houston, Texas 77056
Attorneys for Defendant
Barrett, Burke, Wilson, Castle,
Daffin & Frappier, L.L.P

Dominique Varner
HUGHES, WATTERS, & ASKANASE, LLP
333 Clay, 29th Floor
Houston, TX 77002
Attorneys for Defendants
Select Portfolio Servicing Inc.,
Fairbanks Capital Corp.,
Fairbanks Capital Holding Corp.,

*John A. Leonard* (signature)

John A. Leonard

specification must be in sufficient detail to allow Plaintiff and her attorney to locate and identify the answers as easily as you can, and must include a reasonable opportunity to examine, audit or inspect such records and make copies, compilations, abstracts or summaries.

6. A true and correct copy of these Interrogatories have been forwarded to BARRETT BURKE. WILSON. CASTLE. DAFFIN & FRAPPIER. L.L.P. at the address above by First Class Mail on the 1st day of June 2005.

Respectfully submitted,

**RUSSELL. LEONARD, KEY, & KEY PLLC**
P.O. Box 8385
Wichita Falls, Texas 76307-8385
Telephone: 940/322-5217
Facsimile: 940/322-3381 (Fax)

_/s/ John A. Leonard_
John A. Leonard
State Bar No. 122099600
Attorneys for Plaintiff